Terry N. Trieweiler
TRIEWEILER, HEDMAN,
HILEMAN & LACOSTA, PLLP
204 Central Avenue
Whitefish, MT 59937-2662
(406) 862-2528
(406) 862-1140 fax
ttrieweiler@centurytel.net

*Attorneys for Plaintiff*

## MONTANA SIXTH JUDICIAL DISTRICT COURT
## SWEETGRASS COUNTY

| | |
|---|---|
| GORDON E. BEDFORD, deceased, by and through his personal representative, CAROL JANE BEDORD, and CAROL JANE BEDFORD, individually, <br><br> Plaintiffs, <br><br> v. <br><br> CRST INTERNATIONAL, INC., DAVID WELK, and JOHN DOES I-IV, <br><br> Defendants. | Cause No. DV 2015-25 <br><br> **SUMMONS** <br><br> BRENDA R. GILBERT |

**TO:  CRST International, Inc:**
(Through its Registered Agent National Corporate Research, LTD, 604 Locust St. Ste 222, Des Moines, IA, 50309)

A lawsuit has been filed against you.

Within 21 days after service of this summons on you, you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the



Montana Rules of Civil Procedure. Do not include the day you were served in your calculation of time. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are listed above.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.

WITNESS my hand and the seal of said court, this 20th day of November, 2015.

DEANNA NOVOTNY,
Clerk of District Court

*/s/ Deanna Novotny*
~~Deputy~~ Clerk

2

COPY

Terry N. Trieweiler
TRIEWEILER, HEDMAN,
HILEMAN & LACOSTA, PLLP
204 Central Avenue
Whitefish, MT 59937-2662
(406) 862-2528
(406) 862-1140 fax
ttrieweiler@centurytel.net

*Attorneys for Plaintiff*

Filed this 20th day of November 2015 at 1:42 'clock P M
Deanna Novotny, Clerk of Court
By DEANNA NOVOTNY
Clerk / Deputy

## MONTANA SIXTH JUDICIAL DISTRICT COURT
## SWEETGRASS COUNTY

GORDON E. BEDFORD, deceased, by
and through his personal representative,
CAROL JANE BEDORD, and CAROL
JANE BEDFORD, individually,

    Plaintiffs,

v.

CRST INTERNATIONAL, INC.,
DAVID WELK, and JOHN DOES I-IV,

    Defendants.

Cause No. DV 2015-25

**COMPLAINT AND DEMAND FOR JURY TRIAL**

BRENDA R. GILBERT

COMES NOW Plaintiff Carol Jane Bedford, through counsel of record, and for her complaint, as personal representative of Gordon E. Bedford, and individually, alleges as follows:

### PARTIES

1.    Plaintiff Carol Jane Bedford resides in Wasilla, Alaska. Her deceased

NOV 23 2015

husband, Gordon E. Bedford was also a resident of Wasilla, Alaska. Plaintiff Bedford is both the Personal Representative of Gordon's Estate and an heir to his Estate. She brings this action in both a representative and individual capacity.

2. Defendant CRST International, Inc., an Iowa company, operates a nationwide shipping business with its headquarters located in Cedar Rapids, Iowa. Upon information and belief, CRST owns and operates several sub-companies that employ drivers to haul goods across the country.

3. Defendant David Welk, upon information and belief, was employed by CRST and/or a sub-company of CRST, at the time of the incident at issue in this Complaint. As an employee of CRST, CRST is liable for his actions under the doctrine of respondeat superior because at all times herein alleged, he was acting within the course and scope of his employment.

4. Defendants John Does I through IV may include any other individuals or entities whose actions contributed to Plaintiff's injuries. Each such Defendant may be liable to Plaintiff for damages. When the identity of any Defendant fictitiously named becomes known to Plaintiff, she will move to amend this Complaint to properly identify such Defendant. This includes any sub-company of CRST as referenced in the preceding paragraph.

**JURISDICTION AND VENUE**

5. The District Court has original jurisdiction over the claims alleged

herein pursuant to § 3-5-302, MCA, and over the Defendant pursuant to Rule 4B, M.R.Civ.P.

6. Venue is proper in the Montana Sixth Judicial District Court, Sweetgrass County, Montana, pursuant to § 25-2-122, MCA.

## GENERAL ALLEGATIONS

7. In the evening hours of September 30, 2013, while driving to Texas to visit family, Gordon Bedford parked his vehicle on Interstate 90, east of Big Timber, Montana.

8. A CRST truck and trailer, driving westbound and operated by CRST employee Defendant David Welk, struck Gordon as he was walking along the Interstate, approximately halfway between Milepost 375 and 376, in the vicinity of Gray Cliff, Montana.

9. Michael Karls, a resident of Phoenix, Arizona, was a passenger in the CRST truck driven by Welk.

10. Despite damage to the truck and knowledge of the collision, Welk and Karls did not report the incident and continued driving on their truck route.

11. Welk was subsequently convicted in Sweetgrass County District Court of violating § 61-7-103, MCA, which provides that "[t]he driver of any vehicle who knows or reasonably should have known that the driver has been in an accident with another person or a deceased person shall immediately stop the vehicle at the scene

herein pursuant to § 3-5-302, MCA, and over the Defendant pursuant to Rule 4B, M.R.Civ.P.

6. Venue is proper in the Montana Sixth Judicial District Court, Sweetgrass County, Montana, pursuant to § 25-2-122, MCA.

## GENERAL ALLEGATIONS

7. In the evening hours of September 30, 2013, while driving to Texas to visit family, Gordon Bedford parked his vehicle on Interstate 90, east of Big Timber, Montana.

8. A CRST truck and trailer, driving westbound and operated by CRST employee Defendant David Welk, struck Gordon as he was walking along the Interstate, approximately halfway between Milepost 375 and 376, in the vicinity of Gray Cliff, Montana.

9. Michael Karls, a resident of Phoenix, Arizona, was a passenger in the CRST truck driven by Welk.

10. Despite damage to the truck and knowledge of the collision, Welk and Karls did not report the incident and continued driving on their truck route.

11. Welk was subsequently convicted in Sweetgrass County District Court of violating § 61-7-103, MCA, which provides that "[t]he driver of any vehicle who knows or reasonably should have known that the driver has been in an accident with another person or a deceased person shall immediately stop the vehicle at the scene

19. Defendants' wrongful actions caused Gordon's death, resulting in damages to his wife and heir, Plaintiff Carol Bedford.

20. Plaintiff Carol Bedford is entitled to assert this claim and recover damages pursuant to § 27-1-513, MCA.

WHEREFORE, Plaintiffs respectfully request that judgment be awarded in their favor and pray this Court for the following relief:

1. Damages allowed for a survivorship action as provided by § 27-1-501, MCA, including the value of Gordon's lost earning capacity and compensation for mental and physical pain and suffering in the interval between his injuries and death, in an amount to be determined at trial.

2. Damages allowed for wrongful death "as under all the circumstances of the case may be just" pursuant to § 27-1-323, MCA. Such damages include damages for loss of consortium, damages for loss of household services and support, and damages which will compensate for grief, sorrow and mental distress, in an amount to be determined at trial.

3. For such other and further relief as the Court or jury deem just and proper.

DATED this 16th day of November, 2015.

TRIEWEILER, HEDMAN,
HILEMAN & LACOSTA, PLLP

By: *[signature]*
TERRY N. TRIEWEILER

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury of all issues triable by a jury in this matter.

DATED this 16th day of November, 2015.

TRIEWEILER, HEDMAN,
HILEMAN & LACOSTA, PLLP

By: *[signature]*
TERRY N. TRIEWEILER

Terry N. Trieweiler
TRIEWEILER, HEDMAN,
HILEMAN & LACOSTA, PLLP
204 Central Avenue
Whitefish, MT 59937-2662
(406) 862-2528
(406) 862-1140 fax
ttrieweiler@centurytel.net

*Attorneys for Plaintiff*

## MONTANA SIXTH JUDICIAL DISTRICT COURT
## SWEETGRASS COUNTY

| | |
|---|---|
| GORDON E. BEDFORD, deceased, by and through his personal representative, CAROL JANE BEDORD, and CAROL JANE BEDFORD, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CRST INTERNATIONAL, INC., DAVID WELK, and JOHN DOES I-IV,<br><br>Defendants. | Cause No. DV-2015-25<br><br>**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Carol Jane Bedford, through counsel of record, and for her complaint, as personal representative of Gordon E. Bedford, and individually, alleges as follows:

## PARTIES

1.  Plaintiff Carol Jane Bedford resides in Wasilla, Alaska. Her deceased

1

husband, Gordon E. Bedford was also a resident of Wasilla, Alaska. Plaintiff Bedford is both the Personal Representative of Gordon's Estate and an heir to his Estate. She brings this action in both a representative and individual capacity.

2. Defendant CRST International, Inc., an Iowa company, operates a nationwide shipping business with its headquarters located in Cedar Rapids, Iowa. Upon information and belief, CRST owns and operates several sub-companies that employ drivers to haul goods across the country.

3. Defendant David Welk, upon information and belief, was employed by CRST and/or a sub-company of CRST, at the time of the incident at issue in this Complaint. As an employee of CRST, CRST is liable for his actions under the doctrine of respondeat superior because at all times herein alleged, he was acting within the course and scope of his employment.

4. Defendants John Does I through IV may include any other individuals or entities whose actions contributed to Plaintiff's injuries. Each such Defendant may be liable to Plaintiff for damages. When the identity of any Defendant fictitiously named becomes known to Plaintiff, she will move to amend this Complaint to properly identify such Defendant. This includes any sub-company of CRST as referenced in the preceding paragraph.

## JURISDICTION AND VENUE

5. The District Court has original jurisdiction over the claims alleged

herein pursuant to § 3-5-302, MCA, and over the Defendant pursuant to Rule 4B, M.R.Civ.P.

6. Venue is proper in the Montana Sixth Judicial District Court, Sweetgrass County, Montana, pursuant to § 25-2-122, MCA.

## GENERAL ALLEGATIONS

7. In the evening hours of September 30, 2013, while driving to Texas to visit family, Gordon Bedford parked his vehicle on Interstate 90, east of Big Timber, Montana.

8. A CRST truck and trailer, driving westbound and operated by CRST employee Defendant David Welk, struck Gordon as he was walking along the Interstate, approximately halfway between Milepost 375 and 376, in the vicinity of Gray Cliff, Montana.

9. Michael Karls, a resident of Phoenix, Arizona, was a passenger in the CRST truck driven by Welk.

10. Despite damage to the truck and knowledge of the collision, Welk and Karls did not report the incident and continued driving on their truck route.

11. Welk was subsequently convicted in Sweetgrass County District Court of violating § 61-7-103, MCA, which provides that "[t]he driver of any vehicle who knows or reasonably should have known that the driver has been in an accident with another person or a deceased person shall immediately stop the vehicle at the scene

3

of the accident or as close to the accident as possible but shall then return to and in every event remain at the scene of the accident until the driver has fulfilled the requirements of 61-7-105."

12. A subsequent vehicle, driven by Washington resident Wryan V. Young, struck Gordon's unattended body. Gordon's body was later discovered deceased on the Interstate.

## FIRST CAUSE OF ACTION
### (Survivorship)

14. Plaintiffs repeat and incorporate herein by reference the factual allegations in the preceding paragraphs of this Complaint.

15. As a result of Defendants' wrongful actions, Gordon was struck and suffered severe injuries, which eventually caused his death.

16. To the extent Gordon survived for an appreciable amount of time after the collision, he suffered damages.

17. Plaintiff Carol Bedford, as Personal Representative of his Estate, is entitled to assert this claim and recover damages pursuant to § 27-1-501, MCA.

## SECOND CAUSE OF ACTION
### (Wrongful Death)

18. Plaintiffs repeat and incorporate herein by reference the factual allegations in the preceding paragraphs of this Complaint.

4

19. Defendants' wrongful actions caused Gordon's death, resulting in damages to his wife and heir, Plaintiff Carol Bedford.

20. Plaintiff Carol Bedford is entitled to assert this claim and recover damages pursuant to § 27-1-513, MCA.

WHEREFORE, Plaintiffs respectfully request that judgment be awarded in their favor and pray this Court for the following relief:

1. Damages allowed for a survivorship action as provided by § 27-1-501, MCA, including the value of Gordon's lost earning capacity and compensation for mental and physical pain and suffering in the interval between his injuries and death, in an amount to be determined at trial.

2. Damages allowed for wrongful death "as under all the circumstances of the case may be just" pursuant to § 27-1-323, MCA. Such damages include damages for loss of consortium, damages for loss of household services and support, and damages which will compensate for grief, sorrow and mental distress, in an amount to be determined at trial.

3. For such other and further relief as the Court or jury deem just and proper.

DATED this 11th day of December, 2015.

TRIEWEILER, HEDMAN,
HILEMAN & LACOSTA, PLLP

By: _____
TERRY N. TRIEWEILER

5

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury of all issues triable by a jury in this matter.

DATED this 11th day of December, 2015.

TRIEWEILER, HEDMAN,
HILEMAN & LACOSTA, PLLP

By: _____
TERRY N. TRIEWEILER