Paul C. Collins
Dave P. Whisenand
CROWLEY FLECK PLLP
500 Transwestern Plaza II
P. O. Box 2529
Billings, MT 59103-2529
Telephone: (406) 252-3441
pcollins@crowleyfleck.com
dwhisenand@crowleyfleck.com

Attorneys for Defendant, CRST International, Inc. and CRST Expedited, Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| GORDON E. BEDFORD, deceased, by and through his personal representative, CAROL JANE BEDFORD, and CAROL JANE BEDFORD, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CRST INTERNATIONAL, INC., CRST EXPEDITED, INC., DAVID WELK, and JOHN DOES I-IV,<br><br>Defendants. | Cause No.: 1:15-cv-00138-SPW-CSO<br><br><br><br>**AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND THIRD PARTY COMPLAINT** |
| CRST INTERNATIONAL, INC. and CRST EXPEDITED, INC.<br><br>Third-Party Plaintiffs,<br><br>Vs.<br><br>WRYAN YOUNG and WESTLEY YOUNG<br><br>Third-Party Defendants. | |

For its answer to Plaintiff's First Amended Complaint filed on January 14, 2016, Defendants CRST International, Inc. and CRST Expedited, Inc. ("CRST") states as follows:

1. CRST lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. In response to paragraph 2, CRST states that it is an Iowa corporation in the trucking business, with a principal place of business in Cedar Rapids, Iowa. The trucking business operates through six operating companies, including CRST Expedited, Inc. All other allegations are denied.

3. In response to paragraph 3, CRST admits Welk was employed by CRST Expedited, Inc. CRST states the second sentence of paragraph 3 calls for a legal conclusion that does not require a response, and CRST lacks knowledge or information sufficient to form a belief as to the truth of the allegations in that sentence.

4. CRST lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4.

**JURISDICTION AND VENUE**

5. In response to paragraph 5, CRST does not contest jurisdiction.

6. In response to paragraph 6, CRST does not contest venue.

# GENERAL ALLEGATIONS

7. CRST lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. In response to paragraph 8, CRST understands that Mr. Bedford was not walking "along" the highway, but down the middle of it, at night, and therefore it denies that allegation. CRST lacks knowledge and information sufficient to form a belief as to the truth of the allegations about the exact location of the accident, but generally agrees with the location. Any other allegation is denied.

9. CRST admits the allegations in paragraph 9.

10. In response to paragraph 10, CRST admits that the accident was not immediately reported. CRST lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10.

11. In response to paragraph 11, CRST states that it understands that there was a conviction of the nature alleged but that it understands that the matter is still being litigated. Therefore, CRST lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. In response to paragraph 12, CRST states that it understands the police report indicated Wryan Young struck Gordon, and Gordon's body was later

discovered on the interstate. CRST lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12.

13. CRST lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. CRST denies the allegations in paragraph 14.

15. CRST lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 15.

## FIRST CAUSE OF ACTION
### (Survivorship)

16. In response to paragraph 16, CRST reiterates it answers to the paragraphs referenced therein.

17. CRST denies the allegations in paragraph 17.

18. CRST lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. CRST lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 19.

## SECOND CAUSE OF ACTION
### (Wrongful Death)

20. In response to paragraph 20, CRST reiterates its answers to the paragraphs referenced therein.

21. CRST denies the allegations in paragraph 21.

22. CRST lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 22.

### THIRD CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

23. In response to paragraph 23, CRST reiterates its answers to the paragraphs referenced therein.

24. CRST denies the allegations in paragraph 24.

25. CRST denies the allegations in paragraph 25.

26. CRST denies the allegations in paragraph 26.

### FOURTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

27. In response to paragraph 27, CRST reiterates its answers to the paragraphs referenced therein.

28. CRST denies the allegations in paragraph 28.

29. CRST denies the allegations in paragraph 29.

30. CRST denies the allegations in paragraph 30.

31. CRST denies the allegations in paragraph 31.

## FIRST AFFIRMATIVE DEFENSE

Any fault allocated to defendants must be reduced or barred according to the principles of comparative fault, due to the negligence of Mr. Bedford in walking down the middle of Interstate 90 at night.

## SECOND AFFIRMATIVE DEFENSE

Depending upon what discovery reveals, if Mr. Bedford's death was instantaneous, then certain of Plaintiffs' claims fail to state claims upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Depending upon what discovery reveals, if the negligence of a subsequent driver who hit Mr. Bedford, alleged by Plaintiffs to be Wryan Young, caused or contributed to the injuries and damages alleged, then CRST will seek to file a third-party complaint so that any recovery against CRST is reduced or barred according to the principles of comparative fault.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover to the extent that they have failed to mitigate their damages.

WHEREFORE, CRST requests that judgment be entered in its favor on all claims and that it be awarded its taxable costs, attorney fees, and such other relief as the Court deems appropriate.

## THIRD-PARTY COMPLAINT

1. Third-party Plaintiff's CRST International, Inc. and CRST Expedited, Inc. (collectively, "CRST") are Iowa corporations in the trucking business, with their principal places of business in Cedar Rapids, Iowa, and therefore are citizens of Iowa.

2. Third-party Defendants Wyran Young and Westley Young are residents and citizens of Washington State.

3. Plaintiff Ms. Bedford is a resident of citizen of Alaska, both in her individual and representative capacities.

4. Defendant Welk is a resident and citizen of Indiana.

5. The amount in controversy for the alleged wrongful death of Gordon E. Bedford exceeds $75,000.

6. Because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, this court has jurisdiction over the subject matter.

7. Personal jurisdiction and venue are properly laid in this district.

8. Plaintiffs contend that the death of Mr. Bedford was not instantaneous, which presumably means that Plaintiffs contend that he was killed when his body was struck by the vehicle owned by Westley Young and driven by Wryan Young.

9. After running over the body of Mr. Bedford, Wryan Young and Westley Young drove approximately 40 miles, stopped to inquire about where they could find a carwash, and washed their vehicle in the early hours of the morning, during their drive back home to Washington, for the purpose of removing the remains of Mr. Bedford's body from the vehicle, or, alternatively, they should have known that they were disposing of human remains.

10. Wryan Young and Westley Young were negligent in removing Mr. Bedford's remains from their vehicle and leaving them behind in a carwash.

11. Wryan Young and Westley Young owed a duty not to leave the scene of the accident after they hit Mr. Bedford, and not to take measures to remove his remains from their vehicle in the manner they did, and additionally they may have owed a duty not to hit his body in the first place, depending upon what discovery reveals about what Wryan Young saw.

12. Wryan Young and Westley Young breached their duties by driving 40 miles to a carwash and removing Mr. Bedford's remains from their vehicle rather than stopping and reporting the accident.

13. The negligence of Wryan Young and Westley Young caused or contributed to Plaintiff's injuries and damages and therefore their fault should be compared by the jury to any negligence assigned to Defendants and to Mr. Bedford.

## JURY DEMAND

CRST requests a jury, plus alternates, on all issues so triable.

Dated this 24th day of June, 2016.

/s/ Paul C. Collins
Paul S. Collins
Dave P. Whisenand
CROWLEY FLECK PLLP
500 Transwestern Plaza II
P. O. Box 2529
Billings, MT 59103-2529

Attorneys for Defendant, CRST Intl, Inc. and CRST Expedited, Inc.