Terry N. Trieweiler
TRIEWEILER, HEDMAN,
HILEMAN & LACOSTA, PLLP
204 Central Avenue
Whitefish, MT 59937-2662
Phone: (406) 862-2528
Facsimile: (406) 862-1140
Email: ttrieweiler@centurytel.net

Jonathan McDonald
McDONALD LAW OFFICE, PLLC
203 N. Ewing Street
P.O. Box 1570
Helena, MT 59624
Phone: (406)442-1493
Facsimile: (406)403-0277
Email: jm@mcdonaldlawmt.com

*Attorneys for Plaintiff*

# IN THE UNITED STATED DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| GORDON E. BEDFORD, deceased, by and through his personal representative, CAROL JANE BEDORD, and CAROL JANE BEDFORD, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CRST INTERNATIONAL, INC., CRST EXPEDITED, INC., DAVID WELK, WRYAN YOUNG, WESTLEY YOUNG, and JOHN DOES I-IV,<br><br>Defendants. | Cause No. 1:15-cv-00138-SPW-CSO<br><br>**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL (FOLLOWING SERVICE OF ANSWER)** |

COMES NOW Plaintiff Carol Jane Bedford, through counsel of record, and for her

1

complaint, as personal representative of Gordon E. Bedford, and individually, alleges as follows:

## PARTIES

1. Plaintiff Carol Jane Bedford resides in Wasilla, Alaska. Her deceased husband, Gordon E. Bedford was also a resident of Wasilla, Alaska. Plaintiff Bedford is both the Personal Representative of Gordon's Estate and an heir to his Estate. She brings this action in both a representative and individual capacity.

2. Defendant CRST International, Inc., an Iowa company, operates a nationwide shipping business with its headquarters located in Cedar Rapids, Iowa. Upon information and belief, CRST owns and operates several sub-companies that employ drivers to haul goods across the country. One of those companies is CRST Expedited, Inc. (Expedited), an Iowa corporation doing business in Montana.

3. Defendant David Welk, upon information and belief, was employed by CRST and/or Expedited and/or another sub-company of CRST, at the time of the incident at issue in this Complaint. As an employee of CRST or Expedited, CRST or Expedited or both are liable for his actions under the doctrine of respondeat superior because at all times herein alleged, he was acting within the course and scope of his employment.

4. Wryan Young and Westley Young are residents of the State of Washington.

5. Defendants John Does I through IV may include any other individuals or entities whose actions contributed to Plaintiff's injuries. Each such Defendant may be liable to Plaintiff for damages. When the identity of any Defendant fictitiously named

becomes known to Plaintiff, she will move to amend this Complaint to properly identify such Defendant. This includes any sub-company of CRST as referenced in the preceding paragraphs.

## JURISDICTION AND VENUE

6. The District Court for Sweetgrass County had original jurisdiction over the claims alleged herein pursuant to § 3-5-302, MCA, and over the Defendant pursuant to Rule 4B, M.R.Civ.P. According to the Defendants' Notice of Removal jurisdiction in this Court is based on 28 U.S.C. §1332(a).

7. Venue was proper in the Montana Sixth Judicial District Court, Sweetgrass County, Montana, pursuant to §25-2-122, MCA. Following removal by the Defendants, venue is proper in the Billings Division of this Court pursuant to L.R. 1.2(c)(1)

## GENERAL ALLEGATIONS

8. In the evening hours of September 30, 2013, while driving to Texas to visit family, Gordon Bedford parked his vehicle on Interstate 90, east of Big Timber, Montana.

9. A CRST or Expedited truck and trailer, driving westbound and operated by CRST or Expedited employee, Defendant David Welk, struck Gordon as he was walking along the Interstate, approximately halfway between Milepost 375 and 376, in the vicinity of Gray Cliff, Montana.

10. Michael Karls, a resident of Phoenix, Arizona, was a passenger in the truck driven by Welk.

11. Despite damage to the truck and knowledge of the collision, Welk and Karls

did not report the incident and continued driving on their truck route.

12. Welk was subsequently convicted in Sweetgrass County District Court of violating § 61-7-103, MCA, which provides that "[t]he driver of any vehicle who knows or reasonably should have known that the driver has been in an accident with another person or a deceased person shall immediately stop the vehicle at the scene of the accident or as close to the accident as possible but shall then return to and in every event remain at the scene of the accident until the driver has fulfilled the requirements of 61-7-105."

13. A subsequent vehicle, driven by Washington resident Wryan V. Young, struck Gordon's unattended body. Westley Young was a passenger in her vehicle.

14. After Wryan Young struck Bedford's body she drove to the Super Car Wash in Livingston, Montana, where she and Westley Young cleaned her vehicle and left Bedford's body parts, including a large portion of his face, on the car wash floor.

15. The Plaintiff, Carol Bedford, was later informed of the appalling treatment and disposition of her dead husband's body.

16. The Youngs' negligence and cavalier and reckless treatment of Gordon Bedford's human remains has caused severe emotional distress to Carol Bedford, including the recurrent image of her deceased husband's body parts spread over several counties and ultimately disposed of like non-human remains.

17. Welk's collision with Bedford caused his injuries and death.

18. Welk's collision with Bedford was caused by Welk's negligence and negligence per se which is imputed to his employer.

19. Welk's departure from the scene of the collision without reporting it was intentional.

## FIRST CAUSE OF ACTION
### (Survivorship)

20. Plaintiff repeats and incorporates herein by reference the factual allegations in the preceding paragraphs of this Complaint.

21. As a result of Defendant Welk's wrongful actions, which are imputed to the Defendants CRST, Gordon was struck and suffered severe injuries, which eventually caused his death

22. To the extent Gordon survived for an appreciable amount of time after the collision, he suffered damages.

23. Plaintiff Carol Bedford, as Personal Representative of his Estate, is entitled to assert this claim and recover damages pursuant to § 27-1-501, MCA.

## SECOND CAUSE OF ACTION
### (Wrongful Death)

24. Plaintiff repeats and incorporates herein by reference the factual allegations in the preceding paragraphs of this Complaint.

25. Defendant Welk's wrongful actions which are imputed to the CRST defendants, caused Gordon's death, resulting in damages to his wife and heir, Plaintiff Carol Bedford.

26. Plaintiff Carol Bedford is entitled to assert this claim and recover damages pursuant to § 27-1-513, MCA.

## THIRD CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

27. Plaintiff repeats and incorporates herein by reference the factual allegations in the preceding paragraphs of this Complaint.

28. A reasonably foreseeable consequence of Defendant Welk's negligent acts which are imputed to the CRST defendants, and the negligent acts of Wryan and Westley Young, were the creation of serious and severe emotional distress in Plaintiff, Carol Bedford.

29. As a direct result of Defendants' negligence, Plaintiff has suffered serious and severe emotional distress in the form compensable under Montana law.

30. Plaintiff has been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

31. Plaintiff repeats and incorporates herein by reference the factual allegations in the preceding paragraphs of this Complaint.

32. In addition to the actions described in the Count above, Defendant Welk engaged in intentional conduct which caused Plaintiff Carol Bedford severe emotional distress.

33. A foreseeable consequence of Defendant Welk's intentional acts which are imputed to the CRST defendants, was the creation of serious and severe emotional distress in Plaintiff.

34. As a direct and proximate result of Defendants' actions, Plaintiff has suffered serious and severe emotional distress in the form compensable under Montana law.

35. Plaintiff has been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that judgment be awarded in her favor and pray this Court for the following relief:

1. Damages allowed for a survivorship action as provided by § 27-1-501, MCA, including the value of Gordon's lost earning capacity and compensation for mental and physical pain and suffering in the interval between his injuries and death, in an amount to be determined at trial.

2. Damages allowed for wrongful death "as under all the circumstances of the case may be just" pursuant to § 27-1-323, MCA. Such damages include damages for loss of consortium, damages for loss of household services and support, and damages which will compensate for grief, sorrow and mental distress, in an amount to be determined at trial.

3. Reasonable damages for the harm caused to Carol Bedford personally.

4. For such other and further relief as the Court or jury deem just and proper.

DATED this 24th day of June, 2016.

TRIEWEILER, HEDMAN,
HILEMAN & LACOSTA, PLLP

By: /s/ Terry N. Trieweiler
Terry N. Trieweiler
Trieweiler, Hedman, Hileman & Lacosta
204 Central Avenue
Whitefish, MT 59937
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury of all issues triable by a jury in this matter.

DATED this 24th day of June, 2016.

        TRIEWEILER, HEDMAN,
        HILEMAN & LACOSTA, PLLP

        By: /s/ Terry N. Trieweiler

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of June, 2016, a copy of the foregoing was served on the following interested parties, by the means indicated:

| | |
|---|---|
| __1,2__ | CM/ECF |
| _____ | Hand Delivery |
| _____ | U.S. Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | Email |

1. Clerk of U.S. District Court

2. Paul S. Collins
   Dave P. Whisenand
   CROWLEY FLECK PLLP
   500 Transwestern Plaza II
   P.O. Box 2529
   Billings, MT 59103-2529
   pcollins@crowleyfleck.com

3. Brian L. Taylor
   HALL & EVANS, LLC
   175 North 27th Street, Suite 1101
   Billings, MT 59101
   taylorb@hallevans.com

4. Steve M. Hamilton
   HALL & EVANS, LLC
   1001 Seventeenth Street, Suite 300
   Denver, CO 80202
   hamiltons@hallevans.com

        By: /s/ Terry N. Trieweiler
        Terry N. Trieweiler
        Trieweiler, Hedman, Hileman & Lacosta
        Attorneys for Plaintiff