Brian L. Taylor
HALL & EVANS, LLC
175 North 27th Street, Suite 1101
Billings, MT 59101
Email: taylorb@hallevans.com
Telephone: (406) 969-5227
Facsimile: (406) 969-5233

Steve M. Hamilton
HALL & EVANS, LLC
175 North 27th Street, Suite 1101
Billings, MT 59101
Email: hamiltons@hallevans.com
Telephone: (303) 628-3300
Facsimile: (303) 628-3368
**ATTORNEY FOR DEFENDANT DAVID WELK**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| GORDON E. BEDFORD, deceased, by and through his personal representative, CAROL JANE BEDFORD, and CAROL JANE BEDFORD, individually,<br><br>Plaintiffs,<br>vs.<br><br>CRST INTERNATIONAL, INC., CRST EXPEDITED, INC., DAVID WELK, WRYAN YOUNG, WESTLEY YOUNG, and JOHN DOES I-IV,<br><br>Defendants. | Cause No. 1:15-cv-00138-SPW-CSO<br><br>**DEFENDANT DAVID WELK'S ANSWER TO SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL** |

**DEFENDANT DAVID WELK'S ANSWER TO SECOND
AMENDED COMPLAINT, AFFIRMATIVE DEFENSES
AND DEMAND FOR JURY TRIAL**
PAGE 1

**HALL & EVANS, LLC**
175 NORTH 27TH STREET, SUITE 1101
BILLINGS, MT 59101
P: (406) 969-5227

COMES NOW Defendant, DAVID WELK, by and through his attorneys, Brian L. Taylor and Steve M. Hamilton of Hall & Evans, LLC, and hereby submits his *Answer to Second Amended Complaint, Affirmative Defenses and Demand for Jury Trial* as follows:

## ANSWER

### PARTIES

1. Defendant Welk is without sufficient information to admit or deny the allegations in Paragraph 1 of Plaintiff's Second Amended Complaint and therefore, denies the same.

2. The allegations in Paragraph 2 of Plaintiff's Second Amended Complaint are not directed at Defendant Welk. To the extent the allegations are directed at Defendant Welk, Defendant Welk is without sufficient information to admit or deny the allegations in Paragraph 2 of Plaintiff's First Amended Complaint and therefore, denies the same.

3. Defendant Welk denies that he was employed by CRST and/or Expedited and/or another sub-company of CRST at the time of the incident at issue in Plaintiff's First Amended Complaint. However, Defendant Welk admits that he was employed by CRST Expedited, Inc. and was acting within the course and scope

**DEFENDANT DAVID WELK'S ANSWER TO SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL**
PAGE 2

**HALL & EVANS, LLC**
175 NORTH 27TH STREET, SUITE 1101
BILLINGS, MT 59101
P: (406) 969-5227

of his employment at the time of the incident at issue. The remaining allegations in Paragraph 3 of Plaintiff's Second Amended Complaint state a conclusion of law to which no response is required. To the extent a response is required, Defendant Welk denies that he was acting within the course and scope of his employment with CRST or Expedited, but admits that he was acting within the course and scope of his employment with CRST Expedited, Inc.

4. Defendant Welk is without sufficient information to admit or deny the allegations in Paragraph 4 of Plaintiff's Second Amended Complaint and therefore, denies the same.

5. The allegations in Paragraph 5 of Plaintiff's Second Amended Complaint are not directed at Defendant Welk. To the extent the allegations are directed at Defendant Welk, Defendant Welk is without sufficient information to admit or deny the allegations in Paragraph 5 of Plaintiff's Second Amended Complaint and therefore, denies the same.

## JURISDICTION AND VENUE

6. The allegations in Paragraph 6 of Plaintiff's Second Amended Complaint state a conclusion of law to which no response is required. To the extent a response is required, Defendant Welk admits the allegations.

**DEFENDANT DAVID WELK'S ANSWER TO SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL**
PAGE 3

**HALL & EVANS, LLC**
175 NORTH 27TH STREET, SUITE 1101
BILLINGS, MT 59101
P: (406) 969-5227

7. The allegations in Paragraph 7 of Plaintiff's First Amended Complaint state a conclusion of law to which no response is required. To the extent a response is required, Defendant Welk admits the allegations.

## GENERAL ALLEGATIONS

8. Defendant Welk is without sufficient information to admit or deny the allegations in Paragraph 8 of Plaintiff's Second Amended Complaint and therefore, denies the same.

9. Defendant Welk was driving a CRST Expedited, Inc. truck and trailer on Interstate 90 at the time of the incident. Defendant Welk understands that Mr. Bedford was not walking "along" the highway, but down the middle of it, at night, and therefore, he denies that allegation. Defendant Welk lacks sufficient knowledge and information to admit or deny the allegations about the exact location of the accident, but generally agrees with the location. Defendant Welk denies all other allegations.

10. Defendant Welk admits that Michael Karls was a passenger in the truck driven by Welk, but denies that Mr. Karls was a resident of Phoenix, Arizona. Upon information and belief, Mr. Karls was a resident of Ohio.

**DEFENDANT DAVID WELK'S ANSWER TO SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL**
PAGE 4

**HALL & EVANS, LLC**
175 NORTH 27TH STREET, SUITE 1101
BILLINGS, MT 59101
P: (406) 969-5227

11. Defendant Welk admits that the accident was not immediately reported. Defendant Welk denies knowing that the incident involved a person and asserts that he did go back and looked at the scene.

12. Defendant Welk admits the allegations in Paragraph 12 of Plaintiff's Second Amended Complaint. Defendant Welk also admits that this is currently on appeal with the Montana Supreme Court.

13. Defendant Welk admits that a portion of Mr. Belden's body was discovered deceased on or near the Interstate. Defendant Welk is without sufficient knowledge and information to admit or deny the remaining allegations in Paragraph 13 of Plaintiff's Second Amended Complaint and therefore, denies the same.

14. The allegations in Paragraph 14 of Plaintiff's Second Amended Complaint are not directed at Defendant Welk. To the extent the allegations are directed at Defendant Welk, Defendant Welk is without sufficient information to admit or deny the allegations in Paragraph 14 of Plaintiff's Second Amended Complaint and therefore, denies the same.

15. The allegations in Paragraph 15 of Plaintiff's Second Amended Complaint are not directed at Defendant Welk. To the extent the allegations are directed at Defendant Welk, Defendant Welk is without sufficient information to

DEFENDANT DAVID WELK'S ANSWER TO SECOND
AMENDED COMPLAINT, AFFIRMATIVE DEFENSES
AND DEMAND FOR JURY TRIAL
PAGE 5

HALL & EVANS, LLC
175 NORTH 27TH STREET, SUITE 1101
BILLINGS, MT 59101
P: (406) 969-5227

admit or deny the allegations in Paragraph 15 of Plaintiff's Second Amended Complaint and therefore, deny the same.

16. The allegations in Paragraph 16 of Plaintiff's Second Amended Complaint are not directed at Defendant Welk. To the extent the allegations are directed at Defendant Welk, Defendant Welk is without sufficient information to admit or deny the allegations in Paragraph 16 of Plaintiff's Second Amended Complaint and therefore, denies the same.

17. Defendant Welk denies the allegations in Paragraph 17 of Plaintiff's Second Amended Complaint because the allegations infer that Defendant Welk was negligent.

18. Defendant Welk denies the allegations in Paragraph 18 of Plaintiff's Second Amended Complaint.

19. Defendant Welk admits that he departed from the scene of the collision without reporting it as he did not know the collision was with a person. Defendant Welk denies the remaining allegations in Paragraph 19 of Plaintiff's Second Amended Complaint.

DEFENDANT DAVID WELK'S ANSWER TO SECOND
AMENDED COMPLAINT, AFFIRMATIVE DEFENSES
AND DEMAND FOR JURY TRIAL
PAGE 6

HALL & EVANS, LLC
175 NORTH 27TH STREET, SUITE 1101
BILLINGS, MT 59101
P: (406) 969-5227

## FIRST CAUSE OF ACTION

### (Survivorship)

20. Defendant Welk incorporates and re-alleges his Answers to Paragraphs 1-19 of Plaintiff's Second Amended Complaint as though fully set forth herein.

21. Regarding the allegation in Paragraph 21 of Plaintiff's Second Amended Complaint about actions being imputed to Defendants CRST, said allegation calls for a legal conclusion to which no response is required. Defendant Welk denies the remaining allegations in Paragraph 21 of Plaintiff's Second Amended Complaint and denies the allegation that Defendant Welk caused any damages.

22. Defendant Welk denies the allegation that Mr. Bedford suffered damages caused by Defendant Welk. Defendant Welk is without sufficient knowledge and information to admit or deny the remaining allegations in Paragraph 22 of Plaintiff's Second Amended Complaint.

23. The allegations in Paragraph 23 of Plaintiff's Second Amended Complaint state a conclusion of law to which no response is required. Insofar as a response is required, Defendant Welk is without sufficient knowledge and information to admit or deny the allegations in Paragraph 23 of Plaintiff's Complaint and therefore, denies the same.

**DEFENDANT DAVID WELK'S ANSWER TO SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL**
PAGE 7

**HALL & EVANS, LLC**
175 NORTH 27TH STREET, SUITE 1101
BILLINGS, MT 59101
P: (406) 969-5227

## SECOND CAUSE OF ACTION

## (Wrongful Death)

24. Defendant Welk incorporates and re-alleges his Answers to Paragraphs 1-23 of Plaintiff's Second Amended Complaint as though fully set forth herein.

25. Regarding the allegation in Paragraph 25 of Plaintiff's Second Amended Complaint about actions being imputed to Defendants CRST, said allegation calls for a legal conclusion to which no response is required. Defendant Welk denies the remaining allegations in Paragraph 25 of Plaintiff's Second Amended Complaint and denies the allegation that Defendant Welk caused any damages.

26. The allegations in Paragraph 26 of Plaintiff's Second Amended Complaint state a conclusion of law to which no response is required. Insofar as a response is required, Defendant Welk is without sufficient knowledge and information to admit or deny the allegations in Paragraph 26 of Plaintiff's Second Amended Complaint and therefore, denies the same.

## THIRD CAUSE OF ACTION

## (Negligent Infliction of Emotional Distress)

27. Defendant Welk incorporates and re-alleges his Answers to Paragraphs 1-26 of Plaintiff's Second Amended Complaint as though fully set forth herein.

DEFENDANT DAVID WELK'S ANSWER TO SECOND
AMENDED COMPLAINT, AFFIRMATIVE DEFENSES
AND DEMAND FOR JURY TRIAL
PAGE 8

HALL & EVANS, LLC
175 NORTH 27TH STREET, SUITE 1101
BILLINGS, MT 59101
P: (406) 969-5227

28. Defendant Welk denies the allegations in Paragraph 28 of Plaintiff's Second Amended Complaint as they relate to this Defendant. To the extent the allegations are directed at Defendants Wryan and Westley Young, Defendant Welk is without sufficient information to admit or deny the allegations in Paragraph 28 of Plaintiff's Second Amended Complaint and therefore, denies the same. Regarding the allegation in Paragraph 28 of Plaintiff's Second Amended Complaint about actions being imputed to Defendants CRST, said allegation calls for a legal conclusion to which no response is required.

29. Defendant Welk denies the allegations in Paragraph 29 of Plaintiff's Second Amended Complaint.

30. Defendant Welk denies the allegations in Paragraph 30 of Plaintiff's Second Amended Complaint.

## FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

31. Defendant Wek incorporates and re-alleges his Answers to Paragraphs 1-30 of Plaintiff's Second Amended Complaint as though fully set forth herein.

32. Defendant Welk denies the allegations in Paragraph 32 of Plaintiff's Second Amended Compliant.

DEFENDANT DAVID WELK'S ANSWER TO SECOND
AMENDED COMPLAINT, AFFIRMATIVE DEFENSES
AND DEMAND FOR JURY TRIAL
PAGE 9

HALL & EVANS, LLC
175 NORTH 27TH STREET, SUITE 1101
BILLINGS, MT 59101
P: (406) 969-5227

33. Defendant Welk denies the allegations in Paragraph 33 of Plaintiff's Second Amended Complaint. Regarding the allegation in Paragraph 33 of Plaintiff's Second Amended Complaint about actions being imputed to Defendants CRST, said allegation calls for a legal conclusion to which no response is required.

34. Defendant Welk denies the allegations in Paragraph 34 of Plaintiff's Second Amended Complaint.

35. Defendant Welk denies the allegations in Paragraph 35 of Plaintiff's Second Amended Complaint.

The remainder of Plaintiff's Complaint constitutes her prayer for relief, which requires no Answer, but insofar as an Answer may be deemed required, it is denied.

With respect to any allegations contained in Plaintiff's Complaint not specifically admitted or otherwise pled to, the same are hereby denied.

## **AFFIRMATIVE DEFENSES**

By way of further Answer and for his Affirmative Defenses, Defendant Welk alleges as follows:

1. Defendant Welk's actions or inactions may not be the proximate cause of Mr. Bedford and Plaintiff's claimed injuries and resulting damages, if any.

DEFENDANT DAVID WELK'S ANSWER TO SECOND
AMENDED COMPLAINT, AFFIRMATIVE DEFENSES
AND DEMAND FOR JURY TRIAL
PAGE 10

HALL & EVANS, LLC
175 NORTH 27TH STREET, SUITE 1101
BILLINGS, MT 59101
P: (406) 969-5227

2. The injuries and damages to Mr. Bedford and Plaintiff allegedly sustained were proximately caused by the sole negligence of the decedent.

3. Any fault allocated to Defendants must be reduced or barred according to the principles of comparative fault, due to the negligence of Mr. Bedford in walking down the middle of Interstate 90 at night.

4. Depending upon what discovery reveals, if Mr. Bedford's death was instantaneous, then certain of Plaintiff's claims fail to state claims upon which relief can be granted.

5. Plaintiff's claim for negligence is barred or reduced as a result of the comparative or contributory fault of third parties, which exceed the fault, if any of Defendant Welk, which is specifically denied. Mr. Bedford and Plaintiff's injuries and damages, if any, may have been proximately caused by the action and conduct of persons whose conduct and actions Defendant Welk had neither control, nor the right to control, and for whom Defendant Welk has no liability.

6. Defendant Welk has the right to contribution or indemnity from any other party, non-party, or settling party whose negligence or fault may have contributed as a cause to any injuries or damages Plaintiff allegedly sustained, under M.C.A. § 27-1-703.

**DEFENDANT DAVID WELK'S ANSWER TO SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL**
PAGE 11

**HALL & EVANS, LLC**
175 NORTH 27TH STREET, SUITE 1101
BILLINGS, MT 59101
P: (406) 969-5227

7. Plaintiff cannot recover to the extent that she has failed to mitigate her damages.

8. Defendant Welk is entitled under M.C.A. § 27-1-308 to an offset or reduction for any amount Plaintiff may have received from collateral sources not having subrogation rights.

9. Defendant Wek reserves the right to add additional defenses and Affirmative Defenses as become necessary due to facts developed during discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Welk demands that Plaintiff's Second Amended Complaint be dismissed, that Defendant Welk be awarded his costs and disbursements incurred herein, and for such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Defendant Welk demands trial by jury in this matter.

DATED this 5th day of July, 2016.

        HALL & EVANS, LLC

        By: */s/ Brian L. Taylor*
            Brian L. Taylor
            Steve M. Hamilton
            *Attorneys for Defendant David Welk*

**DEFENDANT DAVID WELK'S ANSWER TO SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL**
**PAGE 12**

**HALL & EVANS, LLC**
175 NORTH 27TH STREET, SUITE 1101
BILLINGS, MT 59101
P: (406) 969-5227

# CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of July, 2016, a copy of the foregoing was served on the following interested parties, by the means indicated:

| | |
|---|---|
| _1,2,3,4_ | CM/ECF |
| _____ | Hand Delivery |
| _____ | U.S. Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | Email |

1. Clerk of District Court

2. Terry N. Trieweiler
   TRIEWEILER, HEDMAN, HILEMAN & LACOSTA, PLLP
   204 Central Avenue
   Whitefish, MT 59937-2662
   ttrieweiler@centurytel.net

3. Jonathan McDonald
   McDONALD LAW OFFICE, PLLC
   P.O. Box 1570
   Helena, MT 59624
   jm@mcdonaldlawmt.com

4. Paul S. Collins
   David P. Whisenand
   CROWLEY FLECK, PLLP
   P.O. Box 2529
   Billings, MT 59103-2529
   pcollins@crowleyfleck.com

*/s/ Brian L. Taylor*
Brian L. Taylor
HALL & EVANS, LLC
*Attorney for Defendant David Welk*

**DEFENDANT DAVID WELK'S ANSWER TO SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL**
PAGE 13

**HALL & EVANS, LLC**
175 NORTH 27TH STREET, SUITE 1101
BILLINGS, MT 59101
P: (406) 969-5227